**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO.:

FLOR MOLINA,

        Plaintiff,
vs.

SELENE FINANCE LP,

        Defendant.
_____/

**COMPLAINT**

**COME NOW,** the Plaintiff, FLOR MOLINA ("Plaintiff", "Molina"), by and through her undersigned counsel, and bring this action against the Defendant, SELENE FINANCE LP, ("Defendant", "Selene") and in support alleges as follows:

**INTRODUCTION**

1. This is an action brought by Plaintiff for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and the respective implementing regulations.

3. Specifically, Plaintiffs seek the remedies as provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA, Sections 1024.35 and 1024.36 of Regulation X.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because the property (the "subject property") is located in Broward County, Florida, and this is the district where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, the Defendant was and is a Delaware corporation that is duly licensed to transact business in the State of Florida. Defendant transacts business throughout the United States of America, including within Broward County, Florida.

8. Defendant operates from a principal address of 9990 Richmond Avenue, Suite 400, South Houston, TX 77042.

9. At all times material hereto, Plaintiff owned and continues to own the subject property, which is located in Broward County, Florida with an address of 13110 S.W. 19th Drive, Hollywood, FL 33027.

10. At all material times, Defendant is and was the servicer for Plaintiff's mortgage.

11. At all times material hereto, the Defendant is and was a "loan servicer" as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property.

12. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as loan number 00XXXX8639.

## BACKGROUND AND GENERAL ALLEGATIONS

13. On approximately July 20, 2007, Plaintiff entered into a promissory note agreement (the "Note") with Indymac Bank, F.S.B. for what she intended to be her primary residence.

14. The Note was secured by a mortgage on the subject property (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "Loan").

15. SELINE as the current servicer of the loan has been invoicing Plaintiff for various items, including but not limited to property inspections and title searches, and has utilized in part these alleged charges in order to foreclose on Plaintiff's primary residence

16. Because of these charges and various other items, on January 7, 2021, Plaintiff sent a specific Request for Information via certified mail to Defendant in which she specifically requested copies of the property inspections and title search at issue in order to verify that her loan was being properly serviced. (See Exhibit "A")

17. Copies of the property inspections as well as the title search would allow Plaintiff to see exactly where things have gone awry and would provide necessary information to verify that Plaintiff was correct and allow her to take the steps necessary to rectify the situation.

18. Even if Plaintiff is not correct despite her certainty, the requested information will allow Plaintiff to take steps necessary to bring her loan into compliance if necessary, and to verify that the items were properly charged to her loan account.

19. The due date for the response was thirty (30) business days after Defendant received Plaintiff's Request for Information on February 12, 2021.

20. In derogation of RESPA, Defendant did not comply with Plaintiff's Request for Information.

21. Instead, Defendant simply mailed Plaintiff a response in which it simply refused to comply with Plaintiff's lawful request, and falsely asserted that "we are unable to provide copies of the reports resulting from the property inspections performed or of the invoices received by Selene for the foreclosure related fees and costs as they are proprietary to Selene." (See Exhibit "B," attached)

22. Because of Defendant's refusal to reply with its obligations pursuant to RESPA, Plaintiff was forced to hire then retained Loan Lawyers, LLC ("Loan Lawyers") as counsel to represent her, and to obtain the documentation necessary to evaluate the servicing of her loan.

I. **The Request for Information and Notice of Error**

23. In furtherance of the efforts to assist Plaintiff, Loan Lawyers sent additional correspondence to Defendant advising them that their refusal to provide the documents requested was improper, and specifically directed Defendant to 10 C.F.R. 1024.36(f) in order to review what did and did not qualify as "proprietary information." (See Exhibit "C")  Even without legal authority, it strains credulity for Defendant to bill Plaintiff for alleged expenses, and then claim that the alleged expenses are "proprietary" and thus not subject to disclosure.

24. Plaintiff's second written request to Defendant was sent by Plaintiff on February 26, 2021 and received by Defendant on March 9, 2021.

25. Plaintiff was forced to send the second (2nd) Request for information due to Defendant's failure to respond to his First (1st) Request for Information as required pursuant to federal law.

26. Plaintiff's second written request gave Defendant additional time to respond to the initial Request for Information, and also provided notice and opportunity to cure in the event before Plaintiff was left with no choice but to resort to taking legal action.

27. Plaintiff incurred $7.05 in postage fees in order to send her second (2nd) Request for Information to Defendant.

28. The need to send Exhibit "C" and incur the expense of mailing directly flows from Defendant's failure to response to Plaintiff's Request for Information.

29. In addition to incurring the mailing expenses referenced above as a result of Defendant's failure to comply with RESPA, Plaintiff has also suffered emotional distress, particularly as the charges in question were utilized in order to foreclose on Plaintiff's property.

30. Plaintiff does not believe that the disputed charges are due or owing, and even if so, Plaintiff believes that the charges have been inflated in order to provide an additional revenue stream for Defendant.

31. Once Plaintiff has the information requested in her written requests and the explanation from Defendant, she can then take the next steps to rectify whatever has gone wrong.

32. Every day that goes by without a response is one more day of suffering from the uncertainty of why Defendant is alleging that Plaintiff is responsible for the alleged charges at issue.

33. Every month that goes by is another month of mounting fees and charges that are being assessed to Plaintiff's loan account with Defendant.

## II. Requirements After Defendant Received Plaintiff's Qualified Written Request

34. The Defendant was obligated to acknowledge receipt of Plaintiffs' Qualified Written Request in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d). Defendant never provided the acknowledgement letter.

35. The Defendant was further required to provide a written response to Plaintiffs' additional information requests within thirty (30) business days, with the requested information

included or a written statement that the "requested information is not available to the servicer" and the "basis for the servicer's determination." See 12 C.F.R. § 1024.36(d).

36. Pursuant to RESPA under 12 C.F.R. § 1024.36(d) Defendant was required to provide copies of the property inspections and title search at issue. Defendant steadfastly refuses to do so.

37. The Defendant was further required to provide a written response to Plaintiffs' Notice of Error within thirty (30) business days after having conducted a reasonable investigation and sharing the results of that investigation with Plaintiff, and correcting any servicing errors. See 12 C.F.R. § 1024.35(e). Again, Defendant continues in their refusal to do so.

38. Exhibit "C" provided the Defendant with an additional opportunity to comply with the law thus granting an extension without a request, however Defendant has still failed to comply.

39. Despite those efforts, the Defendant has failed or refused to respond to and correct the errors of which they were advised, contrary to 12 C.F.R. § 1024.35, and has failed or refused to respond to Plaintiff's RFI, contrary to 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(B), as well. Each of these errors in Defendant's servicing conduct is a violation of RESPA.

## COUNT I – VIOLATION OF 12 U.S.C. § 2605(k)

40. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 39 against the Defendant.

41. Section 6, Subsection (k) of RESPA states in relevant part:

**(k) Servicer prohibitions**
**(1) In general**
　　A servicer of a federally related mortgage shall not--

　　****

> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>
> \*\*\*\*
>
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.
> 12 U.S.C. § 2605(k)

42. 12 C.F.R. § 1024.35 (Notice of Error) and § 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See* Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X), 78 FR 10696, 10714, 78 FR 10696-01, 10714 ("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also* Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X), 78 FR 10696, at 10737, 10, 78 FR 10696-01, at 10737, 10 (the CFPB noting that 12 C.F.R. § 1024.35 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

43. The CFPB's authority to prescribe such regulations under 12 U.S.C. § 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

44. Defendant's failure to respond to the Request for Information and Notice of Error is a violation of federal Regulation X.

45. Where no copies of the property inspection and title history reports were ever provided, the Defendant has also failed to or refused to comply with 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(B) by not providing any written response to a request for information within the required timeframe.

46. Further, by failing to conduct a reasonable investigation of the errors alleged by Plaintiff, by failing to inform Plaintiff of the results of that investigation, and by failing to correct any errors, the Defendant has also failed to or refused to comply with 12 C.F.R. § 1024.35(e)(1) and 12 C.F.R. § 1024.35(e)(3)(i)(B).

47. As such, the Defendant has violated 12 U.S.C. § 2605(k)(1)(E).

48. Plaintiff has hired Loan Lawyers, LLC and Consumer Law Organization, PA, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

49. The Plaintiff has been injured in fact, and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to the Plaintiffs and other consumers like them. The threshold of the Defendant's violations stem from the failure to provide the information requested in the Request for Information and for failing to conduct a reasonable investigation of the errors alleged by Plaintiff, by failing to inform Plaintiff of the results of that investigation, by failing to provide Plaintiff with the documents she requested, and by failing to correct any errors.  These injuries are in the form of postage costs and emotional distress damages as more particularly described herein.

50. Further, Plaintiff seeks nominal damages for violation of her rights pursuant to RESPA and implemented through regulation X as is more particularly described herein.

51. Therefore, the Plaintiffs' injuries result in-part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, the Defendant

violated the Plaintiffs' procedural rights under RESPA by not providing the information responsive to the Plaintiffs' requests for that information and for failing to respond to the notice of error.

52. Plaintiff is entitled to actual damages and nominal damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's reminder letter and notice and opportunity to cure and (2) emotional distress due to Defendant's failure to adequately respond to inquiries as required by RESPA. See *Martinez v. Shellpoint Mortgage Servicing*, 16-60026-CIV, 2016 WL 6600437 (S.D. Fla. Nov. 8, 2016); *Porciello v. Bank of Am., N.A.*, 8:14-CV-1511-T-17AEP, 2015 WL 899942 (M.D. Fla. Mar. 3, 2015)(same); *Bryan v. Fed. Nat. Mortg. Ass'n*, 8:14-CV-307-T-26TGW, 2014 WL 2988097 (M.D. Fla. July 2, 2014)(finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment). Plaintiff has also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing their property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to address the Plaintiff's concerns relating to his loan. See *Bryan*, 2014 WL 2988097 (the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

53. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, Flor Molina, respectfully ask this Court to enter an order granting judgment for the following:

(a) That the Defendant be required to provide the totality of the information requested in Plaintiff's request for information with detail and specificity;

(b) That the Defendant be ordered to conduct a reasonable investigation of the errors alleged by Plaintiff, inform Plaintiff, provide Plaintiff with the documents requested, and correct any errors found in the investigation;

(c) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(d) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY

Plaintiff hereby demands a trial by jury of all issues so triable.

Date: May 20, 2021                                   Respectfully Submitted,

*/s/ J. Dennis Card Jr.*
J. Dennis Card, Jr., Esq.
FL Bar No.: 0487473
E-mail: dennis@cloorg.com
CONSUMER LAW ORGANIZATION, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
Telephone: (561) 822-3446
Facsimile:  (305) 574-0132

*/s/ Matthew D. Bavaro*
Matthew D. Bavaro, Esquire
FL Bar No.: 175821
E-mail: matthew@fight13.com
LOAN LAWYERS, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile:  (954) 581-2786

*Attorneys for Plaintiff*